IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Mahaffey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:06-3383-SB-JRM |
| ) | |
| Simon Major, Jr., Director of Sumter-Lee ) | **ORDER** |
| Regional Detention Center; and Reushell ) | |
| Alexander, Officer at Sumter-Lee ) | |
| Regional Detention Center, ) | |
| ) | |
| Defendants. ) | |



This matter is before the Court upon the *pro se* Plaintiff's complaint, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation of a United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d). In the R&R, Magistrate Judge Joseph R. McCrorey recommends that the Court grant the Defendants' motion for summary judgment. After being granted an extension of time, the Plaintiff filed written objections to the R&R. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within ten days after being served with a copy of that report.)

## BACKGROUND

The Plaintiff filed this action on December 1, 2006, naming as Defendants Simon Major, Jr. ("Major"), the director of the Sumter-Lee Regional Detention Center ("SLRDC"), and Reushell Alexander ("Alexander"), an officer at the SLRDC. At the time of the alleged incidents, the Plaintiff was a pre-trial detainee at the SLRDC, but he currently is

incarcerated at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC").

In his *pro se* complaint, the Plaintiff alleges that the Defendants violated his freedom of religion by prohibiting him from reading his Bible while standing in line for the evening head count on September 25, 2006. The Plaintiff also alleges that the Defendants unlawfully detained him by placing him in a segregated pod following the head count incident. According to the Plaintiff, the officers had already passed and counted him, and he was reading silently; however, the Plaintiff admits that he could not hear Defendant Alexander, who tried to get the Plaintiff's attention at one point during the head count, because he was reading and because he had placed tissue in his ears. The Plaintiff asserts that a few people near him got his attention and that Alexander was telling him to "close that book!" The Plaintiff asserts that he was placed on cubical restriction and later moved to lock down following the incident. According to the Plaintiff, he filed a grievance with Defendant Major concerning the incident, but he did not receive a response.

On April 19, 2007, the Defendants filed a motion for summary judgment, arguing that: (1) the Plaintiff did not exhaust his administrative remedies; (2) the Plaintiff is unable to state a claim pursuant to the First Amendment, as there is no evidence that he has been discriminated against based on his religion; (3) the Plaintiff is unable to state a claim under the Fourteenth Amendment, as he was not punished by the Defendants; (4) the Plaintiff has failed to establish any personal involvement on the part of Defendant Major or any theory of liability upon which Major could be held responsible for the Plaintiff's alleged deprivations; (5) the Defendants are entitled to qualified immunity; (6) the Plaintiff is unable to state a constitutional claim based on the grievance procedure at the SLRDC; (7) the

Plaintiff's claims for injunctive relief are now moot as the Plaintiff is no longer in a closed pod; and (8) this action should be dismissed under 28 U.S.C. § 1915(e) and 1915A and should count as a strike.

In the R&R, filed on December 17, 2007, the Magistrate Judge addressed the Defendants' arguments and ultimately concluded that the Plaintiff has failed to establish that his constitutional rights were violated. Accordingly, the Magistrate Judge recommended that the court grant the Defendants' motion for summary judgment.

## STANDARD OF REVIEW

### I.    The Magistrate Judge's R&R

The Court is charged with conducting a *de novo* review of any portion of the R&R to which specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the R&R, and Mahaffey's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R in whole and incorporates it into this Order.

### II.    Legal Standard for Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most

favorable to the nonmoving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex, 477 U.S. at 327.

## DISCUSSION

The Court has reviewed the record, including the Defendants' motion for summary judgment, the Plaintiff's response, the R&R, and the Plaintiff's objections to the R&R, and concludes, as the Magistrate Judge concluded, that the Defendants are entitled to summary judgment. Here, the record indicates that the Plaintiff was administratively reassigned to a closed pod unit after he caused a disruption during a head count. Specifically, as previously set forth in this Order, the Plaintiff was standing on the line reading his Bible with tissue stuck in his ears during head count, and he was unable to hear the officers telling him to put down the book, causing a disruption during the head count process. According to the Defendants, detainees are not allowed to have anything

4

in their hands during the head count, as it is a violation of policy and is disruptive and presents a danger to the operations of the detention center. As the Magistrate Judge noted, there is a valid, rational connection between this rule and the legitimate governmental interest of having accurate, efficient head counts to secure the SLRDC. Likewise, the Plaintiff's reassignment to a more secure unit following the disruption during the head count was justifiable as a means of maintaining the security of the SLRDC.

In addition, there is no indication that the Defendants, at the time of the head count incident, even knew that the Plaintiff was reading the Bible and not some other non-religious book. Indeed, the Plaintiff admits that the officer was standing some sixty feet away when he ordered the Plaintiff to "close that book," an order that the Plaintiff was unable to hear due to the tissue in his ears. Moreover, there is no indication that the Plaintiff was prevented from reading his Bible in his cell and during times other than when head counts were being conducted. Thus, the Plaintiff has not shown that he was denied an opportunity to pursue his faith comparable to the opportunity afforded to fellow prisoners. In short, the Plaintiff has failed to establish a First Amendment claim.

Furthermore, to the extent that the Plaintiff challenges his reassignment to a more secure unit following the head count disruption as impermissible "punishment" of a pre-trial detainee, the Court agrees with the Magistrate Judge that the Plaintiff's reassignment was reasonably related to the legitimate governmental objective of maintaining security at the SLRDC and did not amount to "punishment." Thus, as with his First Amendment claim, the Court finds that the Plaintiff has failed to establish a Fourteenth Amendment claim.

Finally, the Court has conducted a careful review of the Plaintiff's lengthy and largely incomprehensible written objections and finds them to be without merit. Indeed, it appears

that the Plaintiff merely rehashes arguments previously made and rejected by the Magistrate Judge or raises new, largely irrelevant arguments that have no bearing on the outcome of this case. In short, the Court finds that the Plaintiff has not pointed to any legal or factual error in the Magistrate Judge's report sufficient to alter the Magistrate Judge's recommendation, and therefore, the Court overrules the Plaintiff's written objections.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R is adopted and incorporated into this Order; the Plaintiff's objections are overruled; the Defendants' motion for summary judgment is granted; and this matter is ended.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

March 19, 2008
Charleston, South Carolina